Ronald Wilcox, State Bar No. 176601
Attorney at Law
2160 The Alameda, Suite F, 1st Floor
San Jose, California 95126
Telephone Number: (408) 296-0400
Facsimile Number: (408) 296-0486

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| LORI HUTSON,<br><br>                              Plaintiff,<br><br>v.<br><br>INTERNATIONAL RECOVERY<br>SYSTEMS, INC., PULSONIC, INC., and<br>JULIAN DOPESO,<br><br>                              Defendants. | Case No. _____<br><br><br>**COMPLAINT** |

## COMPLAINT

## DEMAND FOR JURY TRIAL

## I.  INTRODUCTION

1.      This is an action for damages brought by consumers for Defendants' violations of the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and

California's Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq. (hereinafter

"state Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair

practices.  Plaintiff alleges that Defendants sent letters that were false, deceptive, and misleading,

in violation of the debt collection laws.

2.      According to 15 U.S.C. § 1692:

(a)     There is abundant evidence of the use of abusive, deceptive, and unfair debt
        collection practices by many debt collectors. Abusive debt collection practices
        contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs,
        and to invasions of individual privacy.

(b)     Existing laws and procedures for redressing these injuries are inadequate to protect
        consumers.

(c)     Means other than misrepresentation or other abusive debt collection practices are available
        for the effective collection of debts.

(d)     Abusive debt collection practices are carried on to a substantial extent in interstate
        commerce and through means and instrumentalities of such commerce. Even where
        abusive debt collection practices are purely intrastate in character, they nevertheless
        directly affect interstate commerce.

(e)     It is the purpose of this title to eliminate abusive debt collection practices by debt
        collectors, to insure that those debt collectors who refrain from using abusive debt
        collection practices are not competitively disadvantaged, and to promote consistent State
        action to protect consumers against debt collection abuses.

## II.  JURISDICTION AND VENUE

3.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and

supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.  Venue in this

District is proper in that Defendants transact business here and the conduct complained of

occurred here.

## III.  PARTIES

4.      Plaintiff LORI HUTSON (hereinafter "Ms. Hutson") is a disabled person residing in

Sunnyvale, California.

5.      Ms. Hutson is a "consumer" as defined by 15 U.S.C. § 1692a(3) and is a "debtor" within

the meaning of Cal. Civil Code § 1788.2(h).

6.      Defendant INTERNATIONAL RECOVERY SYSTEMS, INC. (hereinafter "Defendant

Collector") is a corporation in the State of California and regularly engages in the

collections of debt with a principal place of business of 1562 Parkway Loop, Suite D,

Tustin, CA 92780.

7.      Defendant Collector is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal.

Civil Code 1788.2.

8.      Defendant PULSONIC, INC. (hereinafter "Defendant Pulsonic") is a corporation in the

State of California and regularly engages in the collections of debt with a principal place

of business of 1562 Parkway Loop, Suite D, Tustin, CA 92780.

9.      Defendant Pulsonic is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal.

Civil Code 1788.2.

10.     Defendant JULIAN DOPESO (hereinafter "Defendant Dopeso") is Vice-President of

International Recovery Systems, Inc. and Pulsonic, Inc.  The principal business of

Defendant Dopeso is the collection of debts using the mails and telephone, and Defendant

regularly attempts to collect debts alleged to be due another.

11.     Defendant Dopeso authorized or approved the sending of letters that violated the FDCPA

and the deceptive conduct described herein.

12.     Defendant Dopeso is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civil

Code 1788.2.

13.      Plaintiff alleges that at all times herein mentioned, each of the Defendants was, and is

now, the agent, servant, employee and/or other representative of the other Defendants,

and in doing the things herein alleged, was acting in the scope, purpose and authority of

such agency, service employment, and/or representative capacity with the permission,

1    knowledge, consent and ratification of the other Defendants.

2    14.    Any reference hereinafter to "Defendant" or "Defendants", without further qualification

3           is meant by the Plaintiff to refer to each Defendant named above.

4                                     IV.  **FACTUAL ALLEGATIONS**

5    15.    Ms. Hutson incurred a consumer obligation to Orange County Psychological Services to

6           treat certain psychological disorders.  The debt was incurred for personal, family or

7           household purposes and was a result of a consumer credit transaction.

8
9    16.    Ms. Hutson is informed and believes, and thereon alleges that sometime thereafter on a

10          date unknown to Ms. Hutson, the debt was sold, assigned or otherwise transferred to

11          Defendants.

12   17.    Defendants knew their conduct was directed towards a disabled person.

13   18.    Plaintiff is substantially more vulnerable than other members of the public to Defendants'

14          conduct because of her disability.

15   19.    On or about June 16, 2006, Defendants sent a collection letter to Ms. Hutson, in an

16          attempt to collect a debt or collect payment on a debt, and was Defendants' first written

17          notice addressed to the Plaintiff in connection with collecting the debt.

18   20.    The June 16, 2006 collection letter contains a header that reads:
19
20          **WARNING!!  THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

21          **INTERNATIONAL RECOVERY SYSTEMS, INC. IS A**
            **COLLECTION AGENCY**

22   21.    The June 16, 2006 collection letter contains a shaded box, which in it reads: "A good

23          credit report takes years to build.  Don't jeopardize yours."

24   22.    The June 16, 2006 collection letter references: "Service Provider Creditor:  Orange

25          County Psychological Services, Account No.: 97995, and the Amount of Debt:  $390."

4

23. The body of the June 16, 2006 collection letter states in part:

    2. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days that the debt or any portion thereof is disputed, this office will obtain verification of the debt and mail you a copy of such verification.

    3. As a collection agency, we are prepared to pursue this claim as far as economically feasible and any information obtained from you will be used for the purpose of collecting this debt.

    4. Protect your credit and avoid additional charges.

    5. Avoid further action on this debt by payment in full.

24. The bottom of the June 16, 2006 collection letter states:

"If your check is returned, you may be liable for $25 or three times the amount of the check, whichever is greater, in accordance with Sec. 1719 (Chapter 522, California Civil Code 1983)."

25. The June 16, 2006 collection letter falsely threatened imminent action not intended and not taken within the time frame threatened, including legal action, and credit reporting.

26. The June 16, 2006 collection letter failed to provide the required notice pursuant to Cal. Civil Code § 1812.700.

27. Defendants' failure to provide proper notice to consumers of their rights violated state and federal law pursuant to Cal. Civil Code § 1812.700, 15 U.S.C. §§ 1692e(10) and 1692f.

28. The June 16, 2006 collection letter failed to provide Plaintiff with a proper validation notice required by 15 U.S.C. § 1692g.

29. Defendants' failure to provide proper notice to consumers of their rights violated federal law pursuant to 15 U.S.C. §§ 1692e(10), 1692f and 1692g.

30. The June 16, 2006 collection letter misstated and misrepresents California Civil Code §

1719.

31.     The June 16, 2006 collection letter contains false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

32.     The June 16, 2006 collection letter created a false sense of urgency.

33.     On or about August 25, 2006, Defendants sent another collection letter to Ms. Hutson, in an attempt to collect a debt or collect payment on a debt.

34.     The August 25, 2006 collection letter contains a header that reads:

**WARNING!!  THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

**INTERNATIONAL RECOVERY SYSTEMS, INC. IS A
COLLECTION AGENCY**

35.     The August 25, 2006 collection letter contains a shaded box, which in it reads: "A good credit report takes years to build.  Don't jeopardize yours."

36.     August 25, 2006 collection letter references the following:

**Service Provider Creditor:**  Orange County Psychological Services

**Amount of Debt:**            $465.00

**CASE #:**                    97995

**MATTER:**     LITIGATION & COURT PROCEEDINGS

37.     The body of the August 25, 2006 collection letter states part:

"This is your final opportunity to pay the above balance in order to avoid permanent recording of this debt with our credit reporting agencies (EquiFax, Experian, and Trans-Union) and additional financial.
As a final means of collection you account has been approved for possible legal action.  Any information obtained will be used for that purpose.  Should International Recovery Systems prevail, a judgment will be entered against you.  That judgment will be recorded and will become part of you permanent credit history and, this will result in a judicial lien on your real and personal property.  Additionally, we shall pursue other remedies such as wage garnishment, motor vehicle levies and, execution on your real and personal property and bank accounts.  A judgment will be entered for the amount owed plus filing fees, marshal serving cost, interest, and, and other fees allowed by law.

This multi-action approach may restrict your capabilities to:
- purchasing any automobile
- acquire any credit cards
- approval for renting any finance any automobile purchase
- approval for the refinancing of any existing debt

Additional charges will be added in accordance with PL 95-109 of the Fair Debt Collection Act.  You may avoid this action by immediately contacting International Recovery Systems and speaking with **Mr. Wilson** at 714-258-7702.
**Note:**        **this is the last opportunity for you to clear this account.**"

38.     The bottom of the August 25, 2006 collection letter states:

"If your check is returned, you may be liable for $25 or three times the amount of the check, whichever is greater, in accordance with Sec. 1719 (Chapter 522, California Civil Code 1983)."

39.     The August 25, 2006 collection letter falsely threatened imminent action not intended and not taken within the time frame threatened, including legal action, credit reporting, judicial lien, wage garnishment, motor vehicle levies, execution on real and personal property and bank accounts.

40.     The August 25, 2006 collection letter contains false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

41.     The August 25, 2006 collection letter misrepresented the certainty of judgment.

42.     The August 25, 2006 collection letter created a false sense of urgency.

43.     The August 25, 2006 collection letter misstated and misrepresents California Civil Code § 1719.

44.     On or about September 22, 2006, Defendants sent another collection letter to Ms. Hutson, in an attempt to collect a debt or collect payment on a debt.

45.     The September 22, 2006 collection letter contains a header that reads:

**INTERNATIONAL RECOVERY SYSTEMS, INC.**
**IS A COLLECTION AGENCY**

46.     The September 22, 2006 collection letter contains a shaded box, which in it reads: "A good credit report takes years to build.  Don't jeopardize yours."

47.     The September 22, 2006 collection letter references the following: "Service Provider Creditor:  Orange County Psychological Services, Account No:  97995, Current Balance: 465.00, Settlement Balance: 279.00."

48.     The body of the September 22, 2006 collection letter read in part:

---

**PROPOSAL OF SETTLEMENT**

---

"The accounting department of International Recovery Systems, Inc. is trying to clear your delinquent account off our reconciliation statement for the new fiscal year.  We a proposing to **reduce your balance** in order to provide you an opportunity to settle this account.  This notice constitutes a bonafide settlement of your debt.  **The recommendation is to reduce your balance by 40%.**

To take action on this settlement proposal, your balance needs to be paid **no later than 10 days** from the date of this letter.  Upon receipt of your payment and clearance of your check, money order, or cashier's check, International Recovery Systems, Inc. will send you a disclaimer upon request.

AS A COLLECTION AGENCY, we are prepared to pursue this claim as far as economically feasible and any information obtained from you will be used for the purpose of collecting this debt."

49.     The bottom of the September 22, 2006 collection letter states:

"If your check is returned, you may be liable for $25 or three times the amount of the check, whichever is greater, in accordance with Sec. 1719 (Chapter 522, California Civil Code 1983)."

50.     The September 22, 2006 collection letter contradicts Defendants' statements in their August 25, 2006 collection letter that "This is your final opportunity to pay the above balance…" and "this is the last opportunity for you to clear this account."  Thus, the August 25, 2006 collection letter is objectively false.

51.     Defendants falsely threatened imminent action not intended and not taken within the time frame threatened, including legal action, and credit reporting.

52. The September 22, 2006 collection letter contains false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

53. The September 22, 2006 collection letter created a false sense of urgency.

54. The September 22, 2006 collection letter misstated and misrepresents California Civil Code § 1719.

55. On or about October 6, 2006, Defendants sent another collection letter to Ms. Hutson, in an attempt to collect a debt or collect payment on a debt.

56. The October 6, 2006 collection letter contains a header that reads:

**WARNING!! THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

**INTERNATIONAL RECOVERY SYSTEMS, INC. IS A COLLECTION AGENCY**

57. The October 6, 2006 collection letter contains a shaded box, which in it reads: "A good credit report takes years to build. Don't jeopardize yours."

58. The October 6, 2006 collection letter references the following: "Service Provider Creditor: Orange County Psychological Services, Account No: 97995, Amount of Debt: 465.00."

59. The October 6, 2006 collection letter stated in part:

**A MISSED OPPORTUNITY**

International Recovery Systems, Inc. is a collection agency attempting to collect this debt. Any information will be used for this purpose.

You have missed a rare opportunity. International Recovery Systems, Inc. tried to reduce your balance in order to clear or account receivables and allow you to settle your account at a reduced rate. But you have failed to respond. This balance will be reviewed for additional collection activities.

**TO AVOID FURTHER ACTION, SEND YOUR PAYMENT IN FULL TODAY OR**

**CONTACT MR. CHEW AT (800) 775-6177 (SE HABLA ESPANOL)**

---

**THE DECISION IS YOURS.**

---

If your check is returned, you may be liable for $25 or three times the amount of the check, whichever is greater, in accordance with Sec. 1719 (Chapter 522, California Civil Code 1983).

60.  Defendants falsely threatened imminent action not intended and not taken within the time frame threatened, including legal action, and credit reporting.

61.  The October 6, 2006 collection letter contains false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

62.  The October 6, 2006 collection letter created a false sense of urgency.

63.  The October 6, 2006 collection letter misstated and misrepresents California Civil Code § 1719.

64.  On or about November 3, 2006, Defendants sent another collection letter to Ms. Hutson, in an attempt to collect a debt or collect payment on a debt.

65.  The November 3, 2006 collection letter contains a header that reads:

**WARNING!! THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

**INTERNATIONAL RECOVERY SYSTEMS, INC. IS A COLLECTION AGENCY**

66.  The November 3, 2006 collection letter contains a shaded box, which in it reads: "A good credit report takes years to build. Don't jeopardize yours."

67.  The November 3, 2006 collection letter references the following:

*Service Provider Creditor:* **Orange County Psychological Services**

*Account No.:*        **97995**

*Amount of Debt:*        **440.00**

**MATTER:**   UNPAID DEBT

68.   The body of the November 3, 2006 collection letter states in part:

"As a final means of collection your account has been approved for additional collection action.  Any information obtained will be used for that purpose.

As a Collection Agency, we are prepared to pursue this claim as far as economically feasible and any information obtained from you will be used for the purpose of collecting this debt.

You may avoid this action by immediately sending your payment in full to International

Recovery Systems, Inc. or contacting Mr. Allen at (800) 775-6177.

**NOTE:**         **THIS IS A GOOD OPPORTUNITY FOR YOU TO CLEAR THIS DEBT.**

69.   The bottom of the November 3, 2006 collection letter states:

If your check is returned, you may be liable for $25 or three times the amount of the check, whichever is greater, in accordance with Sec. 1719 (Chapter 522, California Civil Code 1983).

70.   Defendants falsely threatened imminent action not intended and not taken within the time frame threatened, including legal action, and credit reporting.

71.   The November 3, 2006 collection letter contains false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

72.   The November 3, 2006 collection letter created a false sense of urgency.

73.   The November 3, 2006 collection letter misstated and misrepresents California Civil Code § 1719.

74.   Defendants did not file suit against Ms. Hutson as threatened.

75.   Defendants did not report Ms. Hutson's account to the credit bureaus.

76.   A review of public records shows Defendants does not bring suit in California in an attempt to collect consumer debts.

77.   As a direct and proximate result of Defendants' outrageous conduct, Plaintiff has suffered

substantial emotional damage including, mental distress, mental suffering, and/or mental anguish, including fear, concern, worry, anxiety, loss of sleep, increased appetite, considerable weight gain, relationship difficulties, feelings of helplessness, crying fits, and loss of concentration at work, amongst other negative emotions.

78. Defendants sent letters in the form of the June 16, 2006, August 25, 2006, September 22, 2006, October 6, 2006, and November 3, 2006 collection letters to 40 or more persons in California in the one-year preceding the filing of this complaint.  Plaintiff may seek to amend to add class allegations at a later time.

79. As a disabled person subjected to Defendants' unfair and deceptive practices, Plaintiff is entitled to a trebling damages under Civil Code § 3345.

## V. FIRST CAUSE OF ACTION

### (Federal Fair Debt Collection Practices Act 15 U.S.C. § 1692)

80. Plaintiff incorporates by reference each and every paragraph alleged above.

81. Through its acts and omissions, Defendants violated 15 U.S.C. § 1692 *et seq.*, including but not limited to, 15 U.S.C. § 1692e to 1692g, by attempting to collect a debt through abusive, unfair and deceptive means.

82. Defendants violated 15 U.S.C. § 1692e and 1692e(2) by falsely, representing the character, amount, or legal status of the debt.

83. Defendants violated 15 U.S.C. § 1692e and 1692e(5) by falsely threatening imminent action not intended and not taken within the time frame threatened, including legal action, permanent credit reporting, judicial lien, wage garnishment, motor vehicle levies, execution on real and personal property and bank accounts.

84. Defendants violated 15 U.S.C. § 1692e and 1692e(10) by using false, deceptive, and

misleading statements in an attempt to collect a debt or collect payment on a debt.

85. Defendants violated 15 U.S.C. § 1692e and 1692e(10) by creating a false sense of urgency.

86. Defendants violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692g by failing to provide Plaintiff with required notices.

87. Defendants violated 15 U.S.C. § 1692g by failing to provide Plaintiff with a proper validation notice.

88. Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means in an attempt to collect a debt or collect payment on a debt.

## VI. <u>SECOND CAUSE OF ACTION</u>

### (California Fair Debt Collection Practices Act Civil Code § 1788)

89. Plaintiff incorporates by reference each paragraph alleged above.

90. The foregoing acts and omissions constitute unfair or deceptive and/or unconscionable trade practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 *et seq*.

91. Defendants violated Cal. Civil Code § 1788.17, which provides that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of § 1692b to 1692j and shall be subject to the remedies of § 1692k of Title 15 of the United States Code.

92. Defendants violated Cal. Civil Code § 1788.13(j) by falsely threatening a lawsuit had been, or was about to be filed.

93. Defendants violated Cal. Civil Code § 1788.13(f) by falsely threatening that failure to pay would lead to imminent credit reporting.

94.   Defendants failed to include the notice required by Cal. Civil Code § 1812.700(a) in its first written notice to Plaintiff, in violation of Cal. Civil Code §§ 1788 *et seq*.

95.   Defendants' acts described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1812.702.

96.   Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

97.   Pursuant to Cal. Civil Code 1788.32, the remedies under Civil Code are intended to be cumulative and in addition to any other remedies under any other law.


WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

A.   Declare the Defendants' conduct violated the FDCPA and Cal. Civil Code 1788.

B.   Statutory and actual damages pursuant to Cal. Civil Code § 1788.17, 1788.30, and 15 U.S.C. § 1692k.

C.   Costs and reasonable attorney's fees pursuant to Cal. Civil Code § 1788.17, 1788.30, and 15 U.S.C. § 1692k.

D.   A trebling of damages pursuant to Civil Code § 3345.

E.   Grant such other and further relief as it deems just and proper.

Respectfully submitted,

_____                              _____

Ronald Wilcox, Attorney for Plaintiff                              Date

14

1

### DEMAND FOR JURY TRIAL

2

Please take notice that Plaintiff demands trial by jury in this action.

3

4

_____          _____
Ronald Wilcox, Attorney for Plaintiff                    Date

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25